**U. S. A. C. TRANSPORT, Inc. et al. v. CORLEY.**

**CORLEY v. U. S. A. C. TRANSPORT, Inc. et al.**

No. 13991.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

A. Walton Nall, Walter G. Cooper and Samuel A. Miller, Miller & Head, Nall & Sterne and McFarland & Cooper, all of Atlanta, Ga., for appellants.

Thomas B. Branch, Jr., Joseph F. Haas, James A. Branch and Herbert J. Haas, all of Atlanta, Ga., for James W. Corley.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Near the south side of a bridge on Highway No. 41, in Bartow County, Georgia, a heavily loaded tractor-trailer of the U. S. A. C. Transport, Inc., and an automobile, owned and driven by James W. Corley, collided. The truck driver was killed. Corley was injured. The mother of the driver of the truck brought suit against Corley. The suit was settled under circumstances hereinafter referred to. In the action now under review, Corley, alleging the negligence of the truck driver as the cause of the collision, filed suit against the Transport Company and its insurance carrier seeking damages for personal injuries and property damage. The defendants, for answer, denied all charges of negligence of the truck driver and by way of additional defenses asserted that the plaintiff failed to observe ordinary care for his own safety, and to avoid injury; that his own negligence was the cause of the collision; and that plaintiff's negligence equaled or exceeded that of the truck driver. For a seventh defense defendants alleged that the mother of the truck driver had brought action for his death against Corley; that Corley's counsel had settled this suit by payment to her of the sum of $6900, and had taken a release evidencing such settlement; that the defendant's liability is purely derivative from said driver so that he could have been joined as a defendant in the present suit, and accordingly the settlement and release barred the present action and extinguished the cause of action asserted.

The case was tried by the Judge without a jury. He found the truck driver negligent; that the plaintiff was at the time in the exercise of ordinary care, and awarded plaintiff damages of $4,000.

Upon this appeal the Transport Company assigns errors which, summarized, contend: (1) That the Court erroneously permitted the driver of the car to testify as to the circumstances of his speed, manner of car operation, and portion of the highway which he occupied as he approached the bridge in question and until the collision. The admission of such evidence is said to be contrary to the provisions of Section 38–1603(3) of the Georgia Code.[1] (2) That the release of Corley secured in settlement of the suit by the mother of the truck driver settled and extinguished his claim against such driver's employer and should have been admitted in evidence and so construed and applied. (3) That the Court's findings of fact as to the circumstances and cause of the collision are clearly erroneous.

By cross-appeal, Corley insists that under the Court's finding as to his freedom from negligence there is no basis for any apportionment of damages so that the Court's award of only $4,000 damages is, under the facts, so inadequate as to "shock the conscience", and is therefore clearly erroneous. It is insisted that we should "substantially increase the judgment" and "then affirm." Upon oral argument here, we are moved, if we are not disposed to so affirm, to set aside the findings as clearly erroneous and reverse for a new trial on the question of damages.

The contention of the appellant that "the infliction of a negligent tort is [the] trans-

1. Georgia Code, Sec. 38–1603(3)—"Where any suit shall be instituted or defended by a corporation, the opposite party shall not be admitted to testify in his own be- half to transactions or communications solely with a deceased or insane officer or agent of the corporation."

action within the meaning of the Georgia statute", in support of which are cited two Georgia decisions,[2] is not challenged by the appellee, although for reasons stated, it is contended that statute would not render inadmissible the testimony here involved. Nevertheless, we think the legal proposition may be more accurately phrased by the statement that the Georgia decision first cited, supra, held that the statute required the exclusion of testimony of a claimed specific negligent act of the defendant's agent, since deceased, which immediately and directly caused the plaintiff's injury. This ruling related, and was confined, to testimony as to the negligent conduct of the deceased agent. This is made clear by the precise ruling that "We think the act of the engineer is covered by the word 'transaction' used in this section."[3] Furthermore, the decisions, in ruling upon another point, declared: "He might have stated whether he attempted to mount hurriedly or slowly; how far he was from the engine when he raised his foot to make the attempt; where he placed his foot; and things of that sort." [87 Ga. 374, 13 S.E. 460.]

The question was again before the Georgia Supreme Court in Atlanta, K. & N. Ry. Co. v. Roberts, 116 Ga. 505, 42 S.E. 753, where the Court considered the ruling in the Mayfield case, supra, to be that the witness was incompetent to testify in his own behalf as to the negligent act of the engineer. In the Roberts case the plaintiff was injured when the railroad car in which he was working was moved by the defendant and while being moved was derailed and overturned. The injury occurred when the plaintiff jumped from the car after it became apparent to him that the car was derailed. The Court held that the plaintiff was properly permitted to testify as to what he was doing at the time he was hurt because this did not relate to any transaction between him and the dead engineer. Further, it was held that the rate of speed of the car was an independent

fact and was not a transaction between the parties in any sense. It was pointed out that the transaction ruled on in the Mayfield case referred to the act of two parties, one of whom was injured, in his attempt to do something which he had a right to do, by a concurrent act of the party who was deceased.

In Rogers v. Carmichael, 53 Ga.App. 343, 198 S.E. 318, where plaintiff and a deceased agent entered into an agreement whereby the agent was to demonstrate an automobile, and while the automobile was being demonstrated pursuant to the agreement, it was wrecked and the agent was killed, the Court held that the plaintiff was incompetent to testify as to the negligence of the agent in a suit brought to recover for injuries sustained in the accident. The specific evidence excluded was plaintiff's testimony that the cause of the accident was the excessive speed at which the agent was driving the automobile; a certain oral communication between plaintiff and the agent; and plaintiff's statement as to what he was doing at the time of the accident. The Court held that the speed of the automobile was not a single, independent, physical *act of the deceased* in which the plaintiff was in no way connected, because the car was being run in pursuance of an alleged agreement between the parties to demonstrate it.

■ These three are the only Georgia cases we have discovered dealing with the question of what aspects of the circumstances attendant upon the infliction of a tortious injury shall be held to constitute a transaction so that the surviving party may not testify to their occurrence. It is not easy to prescribe at just what stage an automobile collision becomes a "transaction". The Georgia cases have not done so. In the present case, the evidence which is in controversy is appellee's testimony that he was going 50 miles per hour when he first came in sight of the bridge; that he slowed down to 3 or 4 miles per hour when 30 or 40 feet south of the

**2.** Mayfield v. Savannah, Griffin & North Alabama R. R. Co., 87 Ga. 374, 13 S.E. 459; Rogers v. Carmichael, 58 Ga.App. 343, 198 S.E. 318.

**3.** See also Atlanta, K. & N. Ry. Co. v. Roberts, 116 Ga. 505, 42 S.E. 753; Nugent v. Watkins, 129 Ga. 382, 58 S.E. 888.

bridge; that he was on his right hand side of the road as far as he could go; and never got to the left of the center of the road. The Court admitted this testimony under a ruling that only testimony as to any negligent act of defendant's driver should be excluded. We do not find this ruling inconsistent with the three cases in which the application of the statute to actions *ex delicto* was considered, and we find in the admission of the testimony no cause for reversal.

■ In developing the contentions that the settlement of the action by the mother of the driver of the truck against the plaintiff Corley barred the prosecution of Corley's suit, the defendant tendered a copy of the release and draft produced from the files of the Hartford Accident and Indemnity Company in response to a subpoena *duces tecum*. A representative of that insurer testified that these papers were the records of the insurer and not the records of Mr. Corley; that neither the witness nor anyone with his company discussed with Corley the case against him; and that the documents were taken "by virtue of an insurance policy" the company had issued to Corley. In the state of the record the question with reference to the effect of the settlement of the case against, and the taking of the release of, Corley, as presented by the defendants in their seventh defense, is really one of law. Other than statements of the release [4] and

draft, (the recitals of which in no way changed the matter), the only evidence which in any way indicates participation by Corley in the settlement arises solely from the fact that he held a policy of public liability insurance issued by the Hartford Accident and Indemnity Company. To the question whether the instrument was taken to "release your company from liability under the policy", objection was made by defendant's counsel on the ground that "the policy speaks for itself." The Court interposed, "I think I can take cognizance of the fact that the insurance company took the release to protect itself on the policy," and the question to which appellant's counsel had objected was not answered. The plaintiff acquiesced in the ruling. On further direct examination by the defendant, the witness testified that the policy was a standard form of insurance policy, and upon recross, that it gave the insurer the right to control the litigation in its discretion. In answer to a question by the Court, the witness testified that the payment of the consideration of the settlement was made by the company and not by Corley. Upon the tender of the release, upon the objection of immateriality, the Court refused to admit it in evidence. The cognizance taken by the Court was not that the insurer was paying the settlement for itself alone, as now contended by appellant. No effort was made to show any other participation in the settlement by Corley. The question here presented is not

4. "General Release.
"Know All Men by These Presents:
"That I, Mrs. Laura Voshell, residing at Fulton, Delaware, being of lawful age, for the sole consideration of Six Thousand Nine Hundred and no/100 dollars ($6,900.) to me in hand paid, receipt whereof is hereby acknowledged, have remised, release, and forever discharged, and for my heirs, executors, administrators, and assigns do hereby remise, release, and forever discharge James W. Corley and his, her, their and its successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations, or and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and un-

foreseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain fatal accident to my son, Herbert Voshell, which happened on or about the 8th day of December, 1947, for which I have claimed the said James W. Corley to be legally liable, which liability is hereby expressly denied.
"For the same consideration the case of Mrs. Laura Voshell v. James W. Corley, Number 3067, Cobb Superior Court, will be entered dismissed upon payment of the costs by the defendant.
"In Witness Whereof, I have hereunto set my hand and seal the 28th day of December in the year one thousand nine hundred and fifty.
"(S.) Mrs. Laura Voshell (L.S.)"

what should be held if the evidence had shown that Corley had paid the settlement, or if it had been paid in his behalf, but instead what we should rule under the facts in this case, where, insofar as it appears, the insurer alone procured and executed the settlement. In these circumstances, the Georgia law on this point is declared against appellants by the decision in Foremost Dairies, Inc., v. Campbell Coal Co., 57 Ga.App. 500, 196 S.E. 279. The principle announced in Giles v. Smith, 80 Ga.App. 540, 56 S.E.2d 860, is not applicable here.

■ The evidence in this case was sharply conflicting and would have supported a finding for either party. It therefore cannot be adjudged that the findings of the trial court which determined liability upon the defendants are clearly erroneous.

■ Upon consideration of the cross-appeal: assessment of damages in cases of this kind is ordinarily for determination in the trial court. Under the circumstances presented in this record, we cannot say that the findings of the trial court as to the *quantum* of damages are clearly erroneous, Sanders v. Leech, 5 Cir., 158 F.2d 486, 488, and consequently there is no occasion to consider the respective merits of the alternative method of relief requested by the plaintiff-appellee.

No reversible error is made to appear. The judgment of the trial court is affirmed.

Judgment affirmed.