**KILMER et al. v. GUSTASON et al.**
No. 14467.

United States Court of Appeals
Fifth Circuit.

March 31, 1954.

C. Clyde Atkins, Miami, Fla., Cecil T. Farrington, Ft. Lauderdale, Fla., Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, Fla., for appellants.

T. J. Blackwell, S. J. Powers, Jr., Cody Fowler and Walter Humkey, Blackwell, Walker & Gray and Fowler, White, Gillen, Yancey & Humkey, all of Miami, Fla., for appellees.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

Plaintiff below, John E. Gustason, appellee here, individually recovered judgment for $15,000 for personal injuries to himself, and in a separate action as administrator of his wife's estate $27,000 for her wrongful death as a result of an automobile collision alleged to have been the result of the negligence of Marion A. L. Kilmer, who, together with his wife, Cora, were also killed in the collision.

The collision occurred in Iowa. The suits were brought in Florida. The plaintiff, Gustason, was the driver of one car, Mr. Kilmer driver of the other. The suits were brought against Kilmer's personal representatives. In Gustason's individual suit, the defendants filed a counterclaim asserting that Gustason's negligence was the proximate cause of the collision, but there was a jury verdict of not guilty on the counterclaim.

On appeal, defendants below contend that the trial court erred by permitting the plaintiff, Gustason, to testify as to certain of his own actions, and the position, speed and movements of his own car immediately before the collision. Defendants assert that the admission of this testimony was contrary to Section 90.05, Fla.Stat.Ann., sometimes called the "dead man" statute, which provides, inter alia, that no party to any action or proceeding, nor any person interested in the event (sic) thereof, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased or insane. Defendants contend that the collision was a "transaction" within the purview of the statute, and Kilmer being dead the plaintiff, Gustason, should not have been allowed to testify.[1]

In U. S. A. C. Transport, Inc. v. Corley, 5 Cir., 202 F.2d 8, this court recently considered a like question arising under Section 38–1603(3) of the Georgia Code, which is of substantially like effect as the Florida statute in the respect here under consideration. We there held that in an action for damages by the surviving driver of an automobile for injuries sustained in a collision with a truck, the driver of which was dead at the time of the trial, it was not reversible error to permit the plaintiff to testify concerning his own actions, and the position and movements of his own car just prior to the collision.[2]

---

1. The Florida Supreme Court holds that "transactions and communications," as used in Section 90.05, supra, embrace every variety of affairs which can form the subject of negotiation, interviews, or actions, between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. Embrey v. Southern Gas & Electric Corp., Fla., 63 So.2d 258, 263; Chapin v. Mitchell, 44 Fla. 225, 32 So. 875, 876.

2. In the Georgia suit, plaintiff was permitted to testify, over objection, that he was going 50 miles per hour when he first came in sight of the bridge, near the south end of which the collision occurred; that he slowed down to 3 or 4 miles per hour when 30 or 40 feet south of the bridge; that he was on his own right hand side of the road as far as he could go and never got to the left of the center of the road.

That case is decisive here. The trial judge permitted this plaintiff to testify only as to *his own* actions, and the position and movements of *his own* car.[3] These were independent facts, not a part of any transaction or communication between the two drivers. The trial judge, however, carefully excluded all testimony by the plaintiff pertaining to the deceased's car and its movements, even to the extent of forbidding plaintiff to testify that there was in fact a collision. There was no reversible error in admitting the evidence in question. In any event, however, Gustason's testimony on these matters was merely cumulative, and therefore harmless, as all the facts surrounding the collision were also established by the testimony of other and disinterested witnesses. Sea Crest Corp. v. Burley, Fla., 38 So.2d 434; Smith v. Biscayne Park Estates, Fla., 42 So.2d 442; Community Natural Gas Co. v. Henley, 5 Cir., 54 F.2d 59.

The cause of action having arisen in Iowa, the elements and *quantum* of damages are governed by the laws of that state. Under Iowa law, loss of services and consortium are not recoverable individually by a husband in an action for the death of or injury to his wife. Appellants charge that reversible error was committed by the inclusion of this element of damage in appellees' complaint and opening statement, which the trial court allowed to go to the jury over objection, and that the court erred in refusing to specifically charge the jury that these elements of damage were not recoverable.

Amongst other things the trial judge stated to the jury in his final charge that the plaintiff originally claimed damages for the loss of services and consortium of his wife, but he had discovered that that element of damage was not recoverable under the laws of Iowa and was being abandoned, "and it is not a claim now included in his demand against the defendants' estate." This was a part of the court's general charge given to the jury just before it retired to consider its verdict. In our opinion, this charge adequately rectified any misstatement of the Iowa rule in counsel's opening statement to the jury.

Appellants also assert that the judgments are excessive, and should for that reason be reversed, citing several Iowa cases to support the charge of excessiveness. A federal appellate court, however, does not undertake to determine whether a verdict is excessive in fact, but only whether the district court abused its discretion as a matter of law in granting or refusing a new trial on the ground of excessiveness. Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627; Braniff International Airways v. Harman, 5 Cir., 202 F.2d 928; Sunray Oil Corp. v. Allbritton, 5 Cir., 188 F.2d 751; Atlantic Coast Line R. Co. v. Burkett, 5 Cir., 192 F.2d 941. Certainly it can not be said that these judgments are so inordinately excessive as to be contrary to reason, or the result

3. In the case at bar, the trial court permitted plaintiff to testify over defendants' objection: "That when approaching the curve (on which the accident occurred), Gustason was traveling not over 30 miles an hour. That Gustason saw more than one car approaching from the opposite direction on the other side of the highway. That the approaching car passed Gustason when he was about one-third of the way into the curve. That Gustason was on the right hand driving lane. That Gustason stayed on the right hand side of the road. That Gustason's car came to a sudden stop. That Gustason did not get out of his car on his own power. That the Gustason automobile was on the extreme edge of the pavement, on the southwest side (right hand) of the curve after it stopped. That the highway lanes of traffic were marked with a white center line and yellow no-passing lines in each lane of traffic. That before Gustason got out of his automobile the right wheels of his automobile were between six inches and a foot off the edge of the slab. That Gustason's left wheel was just inside the slab. That Gustason's left wheel was just inside the yellow line in his lane of traffic. That Gustason had been driving on the outside of his half of the road all the time in the curve."

of sympathy, passion, or prejudice, so as to render them excessive in law.

Finding no error, the judgments appealed from are each

Affirmed.