SHANEYBROOK, WIDOW ET AL. *v.* BLIZZARD ET AL.
(Two Appeals in One Record)

[No. 106, October Term, 1955.]

*Decided March 12, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Talbot W. Banks* and *Clater W. Smith,* with whom was *William B. Somerville* on the brief, for the appellants.

*W. Lee Harrison* and *Charles J. Hessian,* with whom was *Richard C. Murray* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This litigation arose out of an automobile collision at the intersection of Beaver Dam Road and Shawan Road in Baltimore County, between an automobile owned and operated by Arthur F. Blizzard, in which his wife, Margaret E. Blizzard, was a passenger, and an automobile owned and operated by John C. Shaneybrook. The Blizzard car entered the intersection from Beaver Dam Road, the unfavored highway. The Blizzards each filed separate suits for injuries and damages against Mr. Shaneybrook, who died before the suits came to trial. Upon suggestion of death, the widow and heir at law of the decedent, and the administrator of his personal estate, were made parties defendant, and the cases were tried together. The trial resulted in judgments for the plaintiffs which are appealed here.

The chief question presented is whether the appellees were properly permitted to testify as to the facts and circumstances of the accident under Code (1951), Art. 35, sec. 3, commonly referred to as the Evidence Act, or the Dead Man's Act.

When Mr. Blizzard was called to the stand, counsel for the defendants indicated that they intended to object to all of his testimony concerning the accident, but the Court refused to allow a general objection and stated that objections should be taken to each question as propounded. Objections to testimony that the witness brought his car to a stop when he came to the intersection, and that he could see all the way up the road at that point, were overruled, but there was no objection

when the questions were repeated. However, the court then stated: "Enter objections to all of this testimony, and say that his objections are overruled." We find no merit in the appellees' contention that there was a waiver, or that the overruling of the objections was at most harmless error because the same testimony came in subsequently without objection. Under the circumstances we think the objections were timely and were adequately preserved.

The witness then proceeded to describe his actions down to the moment of collision, and also the course and speed of the other automobile from the time he first saw it come over a rise in the road about two hundred feet away to the time of impact, by which he was "knocked out" and rendered unconscious. He testified that the collision was head-on, and that the other car was on the wrong side of the road at the time of impact. He also placed the point of collision outside the intersection. The court then reiterated that "* * * I have overruled your objections to all of the witness' description of what happened from the time he came to this intersection until he was knocked out and unconscious."

Mrs. Blizzard testified to the same effect. She stated that after her husband had completed the turn into Shawan Road, the other car "popped over that hill, and at that time he come a flying". The other car was on the wrong side of the road. "I heard the crash, and that is all I did know." Before she gave this testimony the court stated that he would "permit one objection to all of the testimony having to do with the occurrence of the accident from the time they approached this intersection until the witness was incapacitated by the accident, and I overrule the objection."

The appellees contend that even if the Evidence Act is applicable, which they deny, the objections were too broad, because the testimony of Mr. Blizzard would be admissible in his wife's suit, and *vice versa*, citing *Marx v. Marx*, 127 Md. 373. But the cases were tried together, the court's ruling was unqualified, and under the cir-

cumstances we shall assume that the objection was to the admissibility of the testimony in each case, and specific enough to make inapplicable the rule that if testimony is admissible for any purpose a general objection will not suffice.

Code (1951), Art. 35, sec. 3, provides: "In actions or proceedings by or against executors, administrators, heirs, devisees, legatees or distributees of a decedent as such, in which judgments or decrees may be rendered for or against them, and in proceedings by or against persons incompetent to testify by reason of mental disability, no party to the cause shall be allowed to testify as to *any transaction had with, or statement made by the* testator, *intestate, ancestor* or party so incompetent to testify, *either personally or through an agent since dead, lunatic or insane,* unless called to testify by the opposite party, or unless the testimony of such testator, intestate, ancestor or party incompetent to testify shall have already given in evidence, concerning the same transaction or statement, in the same cause, on his or her own behalf or on behalf of his or her representative in interest; * * *." (Italics ours.)

This section must be read in the light of sec. 1, which provides generally that witnesses shall not be excluded from giving evidence by reason of interest, "except as hereinafter excepted". The statute was first enacted by Ch. 109, Acts of 1864. In its original form the exception applied "when an original party to a contract or cause of action is dead, * * *". By Ch. 495, Acts of 1902, the exception was expressed in its present form, with amendments not here material by Ch. 661, Acts of 1904. The Act of 1864 was obviously designed to remove the common law disqualification of witnesses, especially parties litigant, for interest. Almost all of the numerous Maryland cases dealing with the subject have dealt with matters of contract, express or implied, between the survivor and a decedent. Generally speaking, the exception has been rather narrowly construed. Cf. *Smith v. Humphreys,* 104 Md. 285, 289, *Horner v. Frazier,* 65

Md. 1, 10, *Russell v. Carman,* 114 Md. 25, 35, and *Sheeler v. Sheeler,* 207 Md. 264, 269. There appears to be no Maryland case dealing with a factual situation like that in the instant case. In *Forbstein v. General Tire Co.,* 167 Md. 686 (unreported), 175 A. 445, the cause of action was in tort, but it was held that the Evidence Act did not apply because the administrator was not a party. In *Riley v. Lukens Dredging & Contracting Corporation,* 4 F. Supp. 144, Judge Chesnut discussed the history of the Maryland statute in a tort case, but the decision was rested upon the ground that an administratrix *ad prosequendum* appointed in New Jersey was not disqualified under the Maryland statute from giving testimony, since the amount recovered would not become assets of the estate. The cases of *First Nat. Bank v. Eccleston,* 48 Md. 145, and *Smith v. Wood,* 31 Md. 293, are not in point.

The authorities in other states are not in accord. In 2 *Wigmore, Evidence* (3rd ed.), § 578, the author does not attempt to review the authorities, although he vigorously attacks on principle the soundness of any exception to the rule of admissibility. See also *Wright v. Wilson,* 154 F. 2d 616 (CCA 3d), where Judge Goodrich points out that all of the text writers join in condemning the exception. Nevertheless, it was there held that the Pennsylvania cases construing the Pennsylvania statute, which referred to a "party to a thing or contract in action", as applicable to an automobile accident, were controlling. In *Davis v. Pearson,* 16 S. E. 2d 655 (N. C.), following *Boyd v. Williams,* 175 S. E. 832 (N. C.), the court held that testimony as to events leading up to an automobile accident were "transactions" within the meaning of the North Carolina Act, but the cases are perhaps distinguishable, because the testimony excluded related to protests by a guest against the manner of operation by the decedent. See also *Van Meter v. Goldfarb,* 148 N. E. 391 (Ill.), giving a broad interpretation to the word "transaction". In *Andreades v. McMillan,* 256 S. W. 2d 477 (Texas), the court followed earlier cases exclud-

ing the testimony, with some regret. See also *Strode v. Dyer,* 177 S. E. 878 (W. Va.), excluding the testimony, with two judges dissenting.

In *U. S. A. C. Transport v. Corley,* 202 F. 2d 8, and *Kilmer v. Gustason,* 211 F. 2d 781, the Court of Appeals for the 5th Circuit applied the law of Georgia and Florida respectively to situations arising out of automobile accidents. It was held that a party was not precluded from testifying as to his own actions or observations prior to a collision, although he could not testify as to negligent acts of the deceased operator of the other car. In *Krause v. Emmons,* 97 A. 238, 240 (Del.), it was held that a party could testify as to physical facts observed. See also *Newman v. Tipton,* 234 S. W. 2d 994 (Tenn.), where it was held that a party could testify as to the condition of the premises where an accident occurred, and what she did, the deceased owner not being present at the time. Cf. *Bosteder v. Duling,* 213 N. W. 809 (Nebr.).

On the other hand, in *Seligman v. Hammond,* 205 Wisc. 199, 236 N. W. 115, followed in *Krantz v. Krantz,* 248 N. W. 155, 157 (Wisc.), it was held that the survivor might testify not only as to the events leading up to a collision, but as to the speed and movement of the other car driven by the decedent. In *M'Carthy v. Woolston,* 205 N. Y. S. 507, the New York Appellate Division held squarely that a survivor might testify as to the movements of another car driven by a decedent. In both cases, the courts stressed the fact that the statutes construed referred to a "personal" transaction. To the same effect, see *Turbot v. Repp,* 72 N. W. 2d 565, 570 (Ia.). Even without this verbal limitation, the word "transaction" was construed so as not to include observations in connection with an automobile accident, in *Rankin v. Morgan,* 102 S. W. 2d 552 (Ark.).

We think the Wisconsin and New York cases express the better view. Our statute is clearly a remedial one, and the exception to it should be narrowly construed. It may well be that the word "transaction", standing alone, would not be limited to contractual relationships,

and the reference to "statements" might properly bar any testimony as to admissions made by or conversations with a decedent following an automobile accident. It is difficult to see how the testimony of the plaintiffs in the instant case as to the movements of their car before the other car came in sight could be ruled out on any theory. But we think the exception should not be construed to include a narration of the observed course and speed of the other automobile, or testimony as to the place where the collision occurred. The Maryland statute couples the words "transaction had with" and the words "or statement made by", and both are followed by the words "personally or through an agent since dead * * *". The relationship between the respective drivers was fortuitous and involuntary, and the word "transaction" imports a mutuality or concert of action. The word "personally" also imports more than the unilateral observations of the survivor as to the operation of another vehicle by a decedent who was personally unknown to the witness. We find no error in the trial court's rulings.

Our conclusion on this point makes it unnecessary to discuss at length the contention of the appellants that, in the absence of the testimony of Mr. and Mrs. Blizzard, there was no legally sufficient evidence of negligence on the part of the decedent to take the cases to the jury. We may note, however, that although the defendants' theory of the case was supported by the testimony of an occupant of the Shaneybrook car, who testified that the accident occurred in the intersection and that the Shaneybrook car was on its proper side of the favored highway until at the last moment it cut to the left, the plaintiffs' theory was supported by the testimony of a police officer and two other witnesses who arrived on the scene shortly after the accident and described the debris marking the point of collision as located beyond the intersection. There was also evidence in the form of photographs of the wrecked cars, indicating that the impact was upon the right front of each car. When this evidence is considered, along with the testimony of the plaintiffs, it is clear that

there was evidence from which the jury could find that the collision occurred after the Blizzard car had completed its turn into the intersection and was proceeding along Shawan Road, the favored highway, beyond the intersection and on the proper side of the highway, and that the manner of operation of the Blizzard car was not a contributing cause of the accident. Cf. *Ness v. Males,* 201 Md. 235, 240.

Finally, the appellants contend that the court erred in declining to instruct the jury that "under the law of the State of Maryland, the driver of a vehicle upon a favored highway where traffic on the intersecting highway is controlled by a stop sign, is not under an obligation to slow down at such intersection or to guard against the possibility that an unfavored driver may fail to yield the right of way, but that the driver upon a favored highway is entitled to assume that the unfavored driver will yield the right of way to him." The appellants also excepted to the court's charge for failure to include an instruction that the decedent was not to be held negligent for turning to his left in an effort to avoid a collision with the unfavored vehicle within the intersection.

We think the court's charge fairly dealt with the defendants' theory of the case. The court charged that a driver entering a favored highway was required not only to stop but to yield the right of way, and that if the jury should find that the accident "occurred within the intersection", the defendant would not be liable. He also referred to the conflicting testimony as to the point of collision, and the testimony of the passenger in the Shaneybrook car that they were on their proper side of the road when the Blizzard car appeared. The plaintiffs' theory of liability, as outlined in the charge, was made to depend upon a finding that the accident occurred outside the intersection at a point where the boulevard law did not apply, and did not depend upon a swerve to the left by the Shaneybrook car within the intersection. As was said in *Larkin v. Smith,* 183 Md. 274, 284: "Error will not be found in an oral charge merely because of its

method of expression. There must be something else, which must clearly appear to have prejudiced the appellant." See also *Feinglos v. Weiner,* 181 Md. 38, 46, and *Beth. Shipyard v. Scherpenisse,* 187 Md. 375, 381. Cf. *Rabinovitz v. Kilner,* 206 Md. 455, 464. We find no prejudice here.

*Judgments affirmed, with costs.*