113 So.2d 559 (1959)
Herbert C. DAY, Appellant,
v.
George W. STICKLE, Jr., Executor of the Estate of George W. Stickle, Deceased, Appellee.
No. 58-249.
District Court of Appeal of Florida. Third District.
June 26, 1959.
Rehearing Denied August 10, 1959.
Richard E. Hodges and Gay & Hyman, Miami, for appellant.
Brown, Dean, Adams & Fischer, Miami, for appellee.
*560 PEARSON, Judge.
This appeal is from a final judgment in favor of the defendant, which was entered upon a verdict directed at the conclusion of the plaintiff's evidence in a personal injury case. The point for determination is whether certain excluded testimony of the plaintiff comes within the prohibition of the "dead man's" statute.[1] After an examination of the testimony in question, we hold that the trial court committed reversible error in rejecting it.
The facts are as follows: Plaintiff was riding as a passenger in an automobile proceeding north on Route U.S. No. 27 and defendant's decedent was driving south on the same highway. The two cars collided head-on just north of the Fort Lauderdale intersection. There was no disinterested witness to the collision. The testimony of plaintiff, which was proffered and rejected, was to the effect that immediately prior to the accident the car of defendant's decedent was traveling south partly in the east lane of the highway and was coming further over into that lane and the northbound car in which plaintiff was traveling was forced to swerve over to the west lane and then back to its own lane when decedent's car cut back to its proper lane of traffic. One of the investigating officers testified that the point of impact between the two cars was about three feet into the west lane of traffic.
Appellant contends that the trial court committed reversible error by excluding testimony of the plaintiff as to position and course of decedent's automobile. The testimony of plaintiff could only be excluded if it came within the prohibition of the Florida "dead man's" statute, supra. Historically speaking, parties and interested persons as witnesses on their own behalf were disqualified from giving testimony because persons having a pecuniary interest in the event of a cause are of a class especially likely to speak falsely.[2] This onerous and highly restrictive common-law rule, which had as its premise that men are so corrupted by their interest, that they will perjure themselves for it, has been largely abolished.[3] However our statute, as that of most jurisdictions, which was enacted to remove the general disqualification by interest, retained a vestige of the common-law rule by providing that survivors of a transaction or communication with a decedent or incompetent if interested in the action are disqualified.[4] The only basis that could be advanced for this exception is that if the witness should be fabricating *561 false claims against the decedent's estate, the decedent cannot offer his testimony to expose the perfidies of the survivor. The always present question of whether this retention of part of the rule of disqualification for interest produces more harm than good, in that many honest claims may never be established in our courts, is for our legislature to resolve.
An examination of the statute reveals that the portion pertinent to a decision of this case reads as follows: "no party * * shall be examined as a witness in regard to any transaction * * * between such witness and a person at the time of such examination deceased * * *." (Emphasis added.) Thus, do the movements and position of a car driven by one since deceased, tending to prove the negligence of the decedent and observed by plaintiff, a passenger in another automobile, constitute a "transaction" between the deceased driver and injured passenger within the meaning of that word in the statute?
The judicial constructions of the word transaction in other jurisdictions as applied to automobile accidents has been almost as varied as the number of courts defining the term. In those jurisdictions, where the courts have been constrained[5] to follow the historical precedents of this exclusionary rule, any act of the decedent tending to prove his negligence, which was observed by a passenger in his own car,[6] a driver of the other car,[7] or a passenger in the other car,[8] has been interpreted to constitute a transaction and cannot be testified to by the aforementioned if they are interested in the litigation. Many jurisdictions have held to the contrary, since they do not consider the movements, speed, and position of a car driven by a decedent, as observed by an interested witness under certain circumstances, as being a transaction within the purview of their "dead man's" statute. In one jurisdiction, an automobile collision does not constitute a transaction.[9] In other jurisdictions, a surviving guest passenger in a car which was driven by the decedent may testify as to the latter's acts in an action against decedent's personal representative.[10] Thus it has been held, in a jurisdiction where the statute speaks of a transaction "by him (witness) personally with" the deceased, that a surviving passenger in decedent's car may testify, as to his observations of decedent's acts in operating the automobile because the actions of the driver do not constitute a transaction in which both the witness and deceased have participated, and these actions of the deceased person are independent and apart, and in no way connected with, or prompted or influenced by reasons of the conduct of *562 the party testifying.[11] The same reasoning is applied where the passenger is a guest in an automobile which collides with an automobile driven by decedent.[12] Thus it was held in the sister state of Alabama[13] where a guest passenger has no control or supervision over the automobile in which she is riding or over the automobile which collides with the one in which she is riding, her observations of the other automobile do not concern a transaction, as she in no manner participated in any phase of the accident and was innocent of the results. This same court further held that although the portion of the statute regarding the survivor rule does not contain the word "personally" the transaction sought to be excluded must be a personal one.[14] Some jurisdictions do not even prohibit the operator of the vehicle which is involved in a collision with the car decedent is operating from giving a description of the decedent's movements, speed, and position.[15]
The federal courts have been called upon to interpret the meaning of the word transaction in the pertinent statutes of several states when federal jurisdiction was invoked because of diversity of citizenship.[16] The Court of Appeals, Fifth Circuit, in construing the meaning of the word "transaction" in the Georgia statute, Code, § 38-1063(3), held that a plaintiff-driver could testify as to his own speed and movements, but that testimony as to any negligent act of defendant's driver (deceased) should be excluded.[17] Following this case the same court held that testimony by plaintiff-driver as to the position and movements of his own car just prior to a collision with decedent's car concerned independent facts, not a part of any transaction or communication between two drivers, and therefore such testimony was not within the purview of the Florida "dead man's" statute.[18]
Subsequent to this latter federal decision, this jurisdiction determined that a defendant driver may testify as to the speed and movement of his car immediately before an accident, in which his guest passenger is so severely injured that she is declared incompetent, since such testimony is not in reference to a transaction with the imcompetent but deals with independent facts.[19]
First the word "transaction" in this jurisdiction has been held to encompass every variety of affairs which can form the subject of negotiation, interviews or actions between two persons.[20] This definition was extracted from a case in a sister *563 state, and the opinion in the latter case in further defining a transaction stated that it must be a personal one.[21] Next, a court of this jurisdiction has already construed our § 90.05, supra, so as to permit an interested witness (defendant) to testify as to his acts in an accident, notwithstanding the fact that the injured plaintiff was declared incompetent and unable to testify.[22] Thus it is apparent that this section, in regard to the disqualification of an interested surviving witness in an action ex delicto, is not to be further enlarged by construction. A strict construction was applied in the Herring case, supra, where although the actions of the defendant driver caused irreparable injury to the injured incompetent such actions did not constitute a transaction with the incompetent, because she did not influence, participate in, or prompt the actions of the driver. Thus the court concluded they were independent facts not subject to the bar of the statute.
The circumstances of the instant case are similar. Here we have a guest in an automobile, who is completely inactive as to the control of the automobile in which he is riding, who in no way mutually participates in the ensuing collision, and who is merely the unfortunate victim of the actions of others which actions he observes as independent facts and not as part of a transaction between the decedent driver and himself.[23]
The judgment is accordingly reversed and a new trial granted.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] Section 90.05, Fla. Stat., F.S.A., reads as follows:

"Witnesses; as affected by interest. No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."
[2] An excellent exposition on the policy of the former rule that no man can be a witness for himself is found in 1 Gilbert, Evidence 220 et seq. (Lofft's Ed. 1795). See also 2 Wigmore, Evidence § 576 (3rd Ed. 1940).
[3] Chap. 1983, § 1, Laws of Fla. 1874.
[4] Section 90.05 Fla. Stat., F.S.A.
[5] Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 170 A.L.R. 1237. The opinion in this case concludes that the rule excluding a survivor's testimony is condemned by all of the modern writers on the law of evidence, but since it has been established through many generations of judicial history, its removal should be by legislative action and not by judicial legislation.
[6] Boyd v. Williams, 207 N.C. 30, 175 S.E. 832; Davis v. Pearson, 220 N.C. 163, 16 S.E.2d 655. Both cases hold that where the transactions and communications become an essential or material link in the chain establishing liability against the defendant, they should be excluded from the consideration of the jury
[7] Countryman v. Sullivan, 344 Ill. App. 371, 100 N.E.2d 799; In re Mueller's Estate, 166 Neb. 376, 89 N.W.2d 137; Andreades v. McMillan, Tex.Civ.App. 1953, 256 S.W.2d 477.
[8] Strode v. Dyer, 115 W. Va. 733, 177 S.E. 878; Andreades v. McMillan, supra (note 7).
[9] Rankin v. Morgan, 193 Ark. 751, 102 S.W.2d 552.
[10] De Pagter v. Boyer's Estate, 281 Mich. 618, 275 N.W. 652 (no transaction unless substance of testimony is within knowledge of decedent driver); Christofiel v. Johnson, 40 Tenn. App. 197, 290 S.W.2d 215.
[11] Krantz v. Krantz, 211 Wis. 249, 248 N.W. 155. This same jurisdiction held earlier that even where the survivor is the driver of the other automobile there is no personal transaction with the deceased. Seligman v. Orth, 205 Wis. 199, 236 N.W. 115.
[12] Gibson v. McDonald, 265 Ala. 426, 91 So.2d 679, Shaneybrook v. Blizzard, 209 Md. 304, 121 A.2d 218.
[13] See note 12 supra.
[14] See note 12 supra. Reference to this judicial construction of the word "transaction" will be found on page 563 of 113 So.2d infra.
[15] Shaneybrook v. Blizzard, 209 Md. 304, 121 A.2d 218; Seligman v. Orth, see note 11, supra.
[16] See note 5 supra.
[17] U.S.A.C. Transport Inc. v. Corley, 5 Cir., 1953, 202 F.2d 8.
[18] Kilmer v. Gustason, 5 Cir., 1954, 211 F.2d 781.
[19] Herring v. Eiland, Fla. 1955, 81 So.2d 645. See also M'Carthy v. Woolston, 210 App.Div. 152, 205 N.Y.S. 507, where it was held that defendant driver could testify as to the movements of his car before an accident in which his guest passenger was killed since the acts of the driver would have been the same had the passenger not been present and the acts did not arise primarily in any transaction between the driver and his passenger. In Turbot v. Repp, 247 Iowa 69, 72 N.W.2d 565, a defendant driver was permitted to testify over objections as to both his own actions and his observation of deceased driver of the other car.
[20] Holliday v. McKinne, 22 Fla. 153; Chapin v. Mitchell, 44 Fla. 225, 32 So. 875, 878; Embrey v. Southern Gas & Electric Corp., Fla. 1953, 63 So.2d 258, 263.
[21] Holcomb v. Holcomb, 95 N.Y. 316.
[22] See note 19, supra.
[23] A Florida case, lending some support to this view although not similar as to the facts, is Withers v. Sandlin, 44 Fla. 253, 32 So. 829, where it was held that an interested party is not prohibited from testifying against a decedent's administrator as to a conversation had exclusively between the decedent and a third party in his presence provided the interested party took no part in the conversation, either actually or by acquiescence.