146 So.2d 366 (1962)
Hubert FARLEY, Petitioner,
v.
Everett A. COLLINS, Administrator Ad Litem of the Estate of Elonzo P. Dann, Jr., Deceased, Respondent.
No. 31656.
Supreme Court of Florida.
July 13, 1962.
Rehearing Denied October 11, 1962.
*367 Headley & Sudduth, Miami, for petitioner.
Ross, Reinhardt & Preddy, and Arnold A. Ross, Miami, for respondent.
THORNAL, Justice.
By a petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, which has been certified by that court as passing upon a question of great public interest. Collins v. Farley, Fla.App., 137 So.2d 31; Art. V, Section 4(2), Florida Constitution, F.S.A.
We must determine whether an automobile collision constitutes a "transaction" within the contemplation of Section 90.05, Florida Statutes, F.S.A., otherwise known as "The Dead Man's Statute."
The factual situation is delineated in detail in the cited decision of the Court of Appeal which has been submitted for review. Farley, while driving a motorcycle, collided with an automobile then being driven by one, Dann, who was deceased at the time of the trial. Farley instituted an action for damages allegedly resulting from the collision. The action was brought against Collins as administrator of the estate of Dann. The trial judge permitted Farley to testify as to the movements of his motorcycle immediately prior to the collision. He also testified as to the movements of his motorcycle and the Dann automobile during the occurrence of the collision. The detailed testimony was set out in the opinion of the Court of Appeal in Collins v. Farley, supra. The administrator objected to the testimony on the ground that it related to a "transaction" between the plaintiff and a party deceased at the time of the trial. The trial judge overruled the objection and allowed the testimony. The Court of Appeal, Collins v. Farley, supra, reversed this ruling with a holding that the collision between Farley's motorcycle and the automobile of the decedent constituted a "transaction" between *368 the two so that the testimony was inadmissible under Section 90.05, Florida Statutes, F.S.A. It is this decision which has been submitted for review.
The petitioner Farley contends that the fortuitous occurrence of a collision does not constitute a "transaction" within the meaning of the cited statute.
The respondent insists that the language of the statute is sufficiently broad to comprehend every type of occurrence between a testifying party and a deceased adversary.
Our jurisdiction derives from Article V, Section 4(2), Florida Constitution, by which we are authorized to review by certiorari a decision of a District Court of Appeal "that passes upon a question certified by the District Court of Appeal to be of great public interest * * *" Susco Car Rental System of Florida v. Leonard (Fla.) 112 So.2d 832.
The pertinent part of Section 90.05, Florida Statutes, F.S.A., is as follows:
"* * * no party * * * shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased * *."
At common law, no party or person interested in the results of litigation was permitted to testify. The interest of the witness was an absolute disqualification which precluded him from giving testimony. 58 Am.Jur., Witnesses, Section 169, page 120. In 1843 the disqualification of interested persons was removed in England by statute. 6 and 7 Vict. c. 85. In 1851 the disqualification of parties was removed by statute in England. 14 and 15, Vict. c. 99. Since then these disqualifying elements have been removed by statute in practically all of the states. The Florida statute, Section 90.05, supra, was enacted as Chapter 1983, Laws of Florida, 1874. Its statutory predecessor in this country was enacted originally by the State of New York, and is now cited as Section 347, New York Civil Practice Act. To the extent, therefore, that the Florida statute and the New York statute are in harmony we would look to the New York decisions as a guide to our own conclusion. Adams v. Board of Trustees of the Internal Improvement Fund, 37 Fla. 266, 20 So. 266.
Although, admittedly, Section 90.05, supra, is in derogation of the common law, nevertheless to the extent that it removes the disqualification of a witness because of interest, it should be construed liberally for the reason that it is remedial in nature. 58 Am.Jur. Witnesses, Section 169, page 120; Texas v. Chiles, 21 Wall. (U.S.) 488, 22 Law Ed. 650; Nolan v. Moore, 81 Fla. 600, 88 So. 601. The objective of statutes which eliminate disqualifications is to expand the opportunities for making available previously excluded evidence. It has generally been concluded that the exclusion of the testimony of a party merely because of interest will more likely result in wide-spread injustices than would a rule permitting the testimony subject to traditional tests of credibility. On the other hand, the exception to the rule of admissibility which is comprehended by exclusions under the Dead Man's Statute is to be strictly construed. The restriction against admitting the testimony of an interested party in a cause against the representatives of a deceased adversary is a limitation on the remedial aspects of the statute which permits interested parties to testify. Hence, the language of the Dead Man proviso should be strictly construed and limited to its narrowest application. By applying this rule we reduce to a minimum the restrictions on the broader remedial statute. Day v. Stickle, Fla.App., 113 So.2d 559, 80 A.L.R.2d 1291, cert. den. 115 So.2d 414; Harper v. Johnson, Tex. 1961, 345 S.W.2d 277; Jones on Evidence (5th Ed.) Vol. 3, Section 774, page 1440; Wigmore on Evidence (3rd Ed. 1940), Section 578.
With a view to the rules of statutory construction and the historical background *369 of the subject statute, we return to our consideration of the prime question which is whether the word "transaction" as used in the exception contained in the Florida Statutes, should be construed broadly to include an automobile collision.
This Court has recognized that the so-called Dead Man's Statute may in proper cases be applied to tort actions. In some of those cases a broad definition of the word "transaction" has been cited. Embrey v. Southern Gas and Electric Corp., Fla., 63 So.2d 258; Herring v. Eiland, Fla., 81 So.2d 645. However, as emphasized by the certificate of the Court of Appeal certifying the instant case to us, this Court has never been confronted squarely with the problem which challenges our present considerations.
Herring v. Eiland, supra, involved a suit by the guardian of an incompetent passenger against the driver of a vehicle in which the passenger was injured as a result of a collision. The trial court considered upon motion for a summary judgment the deposition of the defendant driver regarding the activities of the parties shortly preceding the accident, as well as his own actions and the speed and movement of his automobile immediately before the accident. On appeal this Court held that the occurrence of the accident allegedly resulting from the negligence of the driver was not such a "transaction" between the driver and his incompetent guest that would bar the testimony of the driver in defense of the claim asserted against him.
In Day v. Stickle, supra, a passenger in one automobile brought suit against a personal representative of the driver of another automobile involved in a collision resulting in injury to the passenger. The Court of Appeal which has certified the instant problem to us held that the injured passenger could testify regarding the circumstances of the collision. The Court correctly recognized the rule of strict construction applicable to the Dead Man's Statute. It held in summary that the collision between the automobile in which the injured plaintiff was a passenger and the automobile driven by the deceased whose estate was being sued did not constitute a "transaction" between the two.
Admittedly, there is a difference of view among the courts as to whether an automobile collision constitutes a "transaction" between the drivers of the two vehicles involved. Some courts adhere to the position that such a collision is a "transaction" and that the testimony of a surviving driver is inadmissible in an action against the estate of his adversary. In Re Mueller's Estate, 166 Neb. 376, 89 N.W.2d 137; Countrymen v. Sullivan, 344 Ill. App. 371, 100 N.E.2d 799; Zeigler v. Moore, 75 Nev. 91, 335 P.2d 425. On the other hand, a number of courts have adopted the contrary view by limiting the Dead Man's Statute to its most restrictive interpretation. These courts construe the word "transaction" as requiring something in the nature of a negotiation or a course of conduct or a mutuality of responsibility resulting from the voluntary conduct of opposing parties. In this view a "transaction" results when one enters upon a course of conduct after a knowing exchange of reciprocal acts or conversations. We have the opinion that the latter view is the better view and should govern the instant case. In addition to the decisions which we shall cite, we are supported by the leading authorities on the rules of evidence. Jones on Evidence, Vol. 3, Section 774; Wigmore on Evidence (3rd Ed. 1940) Section 578. Recently, in Harper v. Johnson, Tex. 1961, 345 S.W.2d 277, the Supreme Court of Texas, when confronted by a statute very similar to ours, held that a "transaction" involves a mutuality or concert of action. It does not include the circumstances "surrounding an involuntary and fortuitous collision between two motor vehicles driven by two complete strangers." To apply the statute to such a situation, said the Texas court, would be to extend the language of the Dead Man's Statute beyond the bounds of the rule of strict construction applicable to it. The *370 court then directly held, as do we here, that the survivor of an automobile collision may testify as to his observations and may describe the physical situation and the movements of the vehicles prior to and at the time of the accident.
While the foregoing conclusion has not been reached without some difficulty, it appears to us to provide a rule more nearly consistent with the legislative intent as announced by the subject statute. It is also consistent with the policy of the law to make available all relevant evidence in its quest for the truth in any particular factual situation. The credibility of the testifying survivor who is under oath may certainly be evaluated by the jury and tested by cross-examination. In the ultimate, we agree with those courts which have taken the position that the exclusion of such testimony will work greater injustices by preventing recovery on legitimate claims as against the view that admissibility might result in the establishment of fraudulent claims against decedents' estates. The view which we have above announced is also supported by Knoepfle v. Suko, N.D., 108 N.W.2d 456; Rankin v. Morgan, 193 Ark. 751, 102 S.W.2d 552, Krause v. Emmons, 6 Boyce 104, 29 Del. 104, 97 A. 238. In other decisions, although there was a slight difference in the language of the statute, we are of the opinion that the difference is not of controlling materiality and the result was the same as that reached by us here. Shaneybrook v. Blizzard, 209 Md. 304, 121 A.2d 218; Seligman v. Orth, 205 Wis. 199, 236 N.W. 115; McCarthy v. Woolston, 210 App.Div. 152, 205 N.Y.S. 507; Turbot v. Repp, 247 Iowa 69, 72 N.W.2d 565.
We, therefore, hold that the collision in the instant case did not constitute a "transaction or communication between" the surviving driver of the motorcycle and the deceased driver of the automobile. The testimony of the surviving driver of the motorcycle which was permitted in evidence by the trial judge, was not inadmissible under Section 90.05, Florida Statutes, F.S.A. The trial judge, therefore, ruled correctly in allowing the testimony. By the decision certified to us for review the District Court of Appeal committed error in reversing the trial court on this ruling.
The writ of certiorari having been issued, judgment of the Court of Appeal is quashed to the extent considered by the foregoing opinion and the cause is remanded to the Court of Appeal for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.