## WILLIAMS *v.* STATE

[No. 18, September Term, 1962.]

*Decided November 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Fred E. Weisgal* for the appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, C. Osborne Duvall, State's Attorney for Anne Arundel County,* and *Robert V. Lazzaro* and *Abraham L. Adler, Assistant State's Attorneys for Baltimore City,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant in this case was convicted of murder in the first degree, in a trial before a court and jury. He was sentenced to death. On this appeal counsel does not challenge the sufficiency of the evidence of a hold-up, and killing in the course of an armed robbery on March 16, 1961, to support the charge of murder, nor does he challenge the sufficiency of the evidence

to disprove insanity relied on as the chief defense. He presses only two contentions, (1) that the trial court erred in its probably inadvertent instruction to the jury as to the burden of proof that the confession of the accused was voluntary, and (2) that the court erred in overruling objections to the cross-examination of a witness as to the prior criminal record of the accused. The State contends that the first contention is not properly before us, since there was no objection taken to any part of the court's charge. We find it unnecessary to pass on that contention, since we think there was reversible error in the court's ruling on the second point.

The accused did not take the stand, and, as we have noted, his chief defense was insanity. A number of medical witnesses testified, and it was brought out without objection that he had been committed to Boy's Village for juvenile delinquencies, and had also been in Crownsville for an extended period. Mrs. Henrietta Urine testified that she had raised Walter, after his parents died, and testified as to his conduct resulting in commitments to Boy's Village and afterwards to Crownsville. She testified that after he was released from Crownsville in 1958, she took him to the Maryland General Hospital every week until he ran way from home in 1960.

In cross-examination the State's Attorney asked the witness whether Walter had been away from home on other occasions, to which she replied that she could not remember. She then admitted, in response to a question, to which there was no objection, that he had once been in jail over night. She was then asked whether he had not been in the House of Correction from October of 1956 to June 1958. Over objection, she admitted that she could recall that. Counsel for the accused objected "to this line of questioning", to which the Court replied "overruled". The witness then answered, in reply to a specific question, that he had been in the Baltimore City Jail from September 24, 1958 to December 23, 1958.

The State does not deny that it would ordinarily be erroneous and prejudicial to interrogate a third party as to the prior criminal offenses of an accused. Cf. *Dobbs v. State,* 148 Md. 34, 46. The State contends that there was a waiver, by failure to object to the first question proposed or to renew objection after the

court's ruling; the State also contends that there was a waiver by reason of the introduction of hospital records containing references to these same criminal offenses.

We think there was a sufficient objection to the questions concerning both convictions. The timely objection to the question concerning the House of Correction was not waived by a reference to his having been in jail over night. We think the objection to the "line of questioning" sufficiently apprised the trial judge of the nature of the objection to the next question propounded as to another conviction. Cf. *Shaneybrook v. Blizzard,* 209 Md. 304, 308. It is true, as the appellee asserts, that in the voluminous hospital records there are two references to criminal convictions admitted by the accused to the examining physicians, although he maintained his innocence of those charges. It is also true, however, that neither one of the physicians who made the reports (and both testified in the case) referred to these convictions on the stand. Moreover, we do not understand from the record that the hospital records were admitted generally. It would seem they were merely introduced and marked in evidence, in order that pertinent parts thereof might be referred to by the medical witnesses. There is no showing that those portions of the records containing the reports in question were ever read to the jury or came in any way to the jury's attention. Under the circumstances, we think the rule of waiver, as stated in *Barber v. State,* 191 Md. 555, 564, relied on by the State, is not here applicable. The case is not one where the general character of the accused, as distinguished from matters relevant to the question of insanity, was put in issue. In *Comi v. State,* 202 Md. 472, 478, it was pointed out that even where character, in the sense of reputation, is put in issue, there are limits in the extent to which particular acts of misconduct may be inquired into. Mrs. Urine was not called as a character witness, nor was she interrogated as to general reputation. We think there was a sufficient showing of prejudice in the questions propounded to constitute reversible error.

*Judgment reversed and case remanded for a new trial.*