MAGGIO ET AL. *v.* STATE, USE OF HOUSER ET AL.

MAGGIO, ADMINISTRATOR ET AL. *v.* STATE, USE OF SMITH ET AL.

MAGGIO, ADMINISTRATOR ET AL. *v.* SCHOENEMAN ET AL.

[No. 169, Sepember Term, 1961.]

STATE, USE OF MAGGIO ET AL. *v.* HOPPERS ET AL.

[No. 197—September Term, 1961.]

*Decided February 19, 1962.*

The causes were argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*William E. Brannan* and *Foster H. Fanseen,* with whom were *Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for Vincent E. Maggio, etc., et al., appellants.

*William J. Pittler,* with whom were *Robert L. Sullivan, Jr., Sklar & Sullivan* and *Theodore S. Miller* on the brief, for appellants State of Maryland, Use of Audrey D. Maggio, etc., et al.

*Louis Salzman* for State of Maryland, Use of Smith, etc., appellee.

*John J. O'Connor, Jr.,* with whom were *Leroy W. Preston* and *O'Connor & Preston* on the brief, for State of Maryland, Use of Houser, etc., appellee.

*J. Kemp Bartlett, III,* with whom were *Bartlett, Poe & Clagett, Kenneth S. Carmody* and *Carmody, Earnshaw & Hardwick* on the brief, for Allen Curtis Schoeneman, appellee.

*Phillips L. Goldsborough, III,* with whom were *M. King Hill, Jr.,* and *Smith, Somerville & Case* on the brief, for Thomas Hoppers, etc., and R. E. Houser, etc., appellees.

No brief and no appearance for Baltimore Gas & Electric Co., appellee.

HAMMOND, J., delivered the opinion of the Court.

In a three-vehicle accident, two men in one truck and one man in another were killed, all the vehicles were damaged, and a utility pole was broken off. There followed suits by the personal representatives and survivors of those who had died, and suits for property damage, each sufferer of damage generally suing the others he believed, or hoped, had caused the accident.

The jury found, on issues, that only one of those involved, the driver of a truck owned by Maggio and Sons, had been negligent, and awarded damages to the others. Maggio and Sons has appealed from the judgments against it as defendant, and the widow and children of Salvatore Maggio (the partner of Maggio and Sons who was driving the truck and was killed), have appealed from the judgment in favor of the defendants in the suit they filed against the other vehicle owners.

The accident occurred in the middle of a clear May day in 1957. One Schoeneman was pulling a house trailer south on Route 301 some miles below Glen Burnie, when a tire on his Chrysler automobile blew out and the trailer jack-knifed and, at an angle, blocked the southbound lane and a small part of the northbound lane in a valley between two hills. The operator of a tow truck, who came a few minutes later, advised Schoeneman not to move the trailer until the police arrived. The two men directed traffic for a while, southbound traffic stopping

and going around the trailer. A car going south, driven by one Stephan, was directed around the trailer and, its occupants testified, immediately went back into and proceeded south in the southbound lane. There was other testimony that it remained in the northbound lane until after it had gone a hundred yards. Meanwhile, a tractor-trailer, loaded with lumber and driven by a man named Houser, was coming north. Some witnesses say it was going fifty miles an hour or more, another that its speed was but thirty-five. The occupants of the Stephan car say Houser was in and remained in the southbound lane and waived them over to the northbound lane, and the two vehicles passed right side to right side, each being in the other's normal lane. Other witnesses say the Houser rig stayed in the northbound lane or that it swerved briefly at one point into the southbound lane and then immediately came back to its proper lane. In any event, the Maggio truck going south started around the Schoeneman trailer and when half of the truck was in the northbound lane, the Houser tractor struck the truck's right side just back of the door and simultaneously the left front corner of the Houser trailer hit the corner of the house trailer. The point of impact of the Houser tractor and the Maggio truck was in the northbound lane at about the north end of the Schoeneman trailer.

The appellant Maggio and Sons says that in the suits against it the lower court should have directed a verdict in its favor for want of any evidence of lack of due care on the part of its driver, Salvatore Maggio, and because Houser was clearly guilty of negligence as a matter of law for complete lack of control of his tractor-trailer, which was the sole proximate cause of the accident. The widow and children of Salvatore Maggio argue that in the suit they brought there was error in the failure of the trial judge (a) to instruct the jury that the excessive speed of Houser's rig was a proximate cause of the accident, and (b) to advise the jury that the legal posted speed at the point of the accident was forty miles an hour.

We find the appellants' contentions unsound. The evidence is uncontradicted that the Maggio truck was not directed

around the house trailer by anyone and that it went over the center line of the road into the northbound lane and collided with the Houser rig almost instantaneously. Code (1957), Art. 66½, Sec. 221 (a), provides that no vehicle shall pass an overtaken vehicle to the left of the center of the road "unless such left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken."

The jury properly could have found, as it did, that the violation by the Maggio truck, of the requirements explicit in the statute, was the proximate cause of the accident.

The testimony as to Houser's speed and conduct was in conflict and required the jury to decide whether or not, according to the version believed, he had acted as a reasonably prudent man would have acted under the circumstances.

Judge Warnken charged the jury that the operator of a motor vehicle must not operate it recklessly or at a speed greater than reasonable and proper in relation to the width of the road and other then existing conditions; that "it does not make any difference what the authorized rate of speed is on the particular highway, irrespective of that the motorist must take into consideration the circumstances and he must not operate either recklessly or at a greater rate of speed than is reasonable and proper considering all the circumstances." He then told them that Houser could see for a long distance that the south lane was blocked and that while he had the right to travel in the north lane, he must be expected to know that those coming south could be counted on to undertake to use the north lane to get around the house trailer that was blocking the south lane. He then said: "That does not mean Houser would be obliged to yield the right-of-way, but it does place upon Houser some notice that here is an unusual situation, and that he should use ordinary care and approach that point differently than he would in driving if the north lane and the south lane were not blocked. I say that would seem to be at least a reasonable thing to expect."

We think the charge adequately presented the law applicable

to the facts which could reasonably be determined by the jury from the testimony, and that there was no prejudicial error in the failure to spell out in the charge that the speed limit at the point on the highway where the accident happened was forty miles an hour.

*Judgments affirmed, with costs.*