McCANN *v.* CRUM ET AL.

[No. 189, September Term, 1962.]

66

*Decided March 5, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Patrick A. O'Doherty,* with whom were *William A. Hegarty* and *Paul F. Harris* on the brief, for the appellant.

*Lloyd A. Dreiling,* with whom was *David D. Patton* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The claim of McCann, the plaintiff below, that the injuries for which he sought damages were caused by the negligence of Crum and Lambert, the defendants, in the operation of a truck, was rejected by the jury. McCann has appealed, saying that the trial court erred in refusing to instruct the jury (a) that the defendants were negligent and he was free of negligence, and (b) that he was a favored driver to whose prejudice Crum and

Lambert had violated the boulevard law in varying aspects and facets, set out in many prayers offered and refused.

The accident occurred on Route 340, a public highway, paved for a width of twenty-four feet with an unpaved shoulder on each side seven feet wide, running between Frederick and Harper's Ferry. Lambert, a part time rural mail carrier, mired his automobile in the ditch on the side of the southbound lane. Crum was driving his 1957 truck north, taking calves to a livestock auction. Lambert flagged down Crum who assumed the role of a good Samaritan (Luke, Ch. 10). A chain was broken in an attempt to pull Lambert's car onto the road. Crum, with Lambert aboard, then drove three hundred feet south and off the south side of the road into the place of a man named Rose who had a logging chain. They put the chain in the truck, backed out onto Route 340, and continued to back north in the southbound lane. Crum was driving, and Lambert was standing in the cab, on the offside, with his head and shoulders outside, looking back over the top of the truck, holding on with his right hand and signalling on-coming southbound traffic with his left hand.

There are two versions of how the accident happened. McCann says he was driving south at forty miles an hour, going to the Charlestown race track, where he worked, when he saw the Lambert car in the ditch on the right and the truck two hundred to two hundred twenty-five feet ahead, partly on the road and partly on the shoulder. When he was fifty to seventy feet from the truck, he says, it backed right into his path. Vehicles in the northbound lane kept him from swerving to his left, and although he applied his brakes, he could not avoid the impact.

Crum and Lambert say the truck, on the way back to Lambert's car, had been backed in the southbound lane a considerable distance from the Rose entrance onto Route 340 with Lambert waving to southbound traffic to slow up. He waved two cars around, and they passed in the northbound lane. The truck had stopped, on Lambert's instruction to Crum, to let them do this. Crum then asked Lambert if the road was clear so he could start to back up, and before he could answer, the collision occurred. Lambert says McCann pulled to the left as if to

go by in the northbound lane but then pulled back and ran into the rear of the truck. Both Crum and Lambert say the truck had been standing in the south lane some thirty seconds before it was struck.

We find no mistake in the action of the trial court in sending the case to the jury. Backing on the highway is not forbidden by law, nor is it negligence to back if a proper lookout and proper warning signals are given and the movement can be made with reasonable safety. *Dorschel v. Tzomides,* 214 Md. 341; Code (1957), Art. 66½, Sec. 227. There was testimony that there were a lookout and hand signals, which were effective as to approaching traffic, and testimony from which the failure of McCann to keep a proper lookout and to have his car under adequate control could have been inferred. The momentary stopping of the truck in the course of a backing maneuver, in order to permit traffic to pass, would not of itself be negligence as a matter of law. *Ford v. Bradford,* 213 Md. 534, 544; *Palmer v. Scheid,* 223 Md. 613; *Safeway Trails, Inc. v. Smith,* 222 Md. 206. The triers of fact rightly were given the issues to resolve.

McCann argues that the cause of the accident was a violation of the boulevard law, when the Crum truck invaded the paved highway from a private driveway since, on these facts, under the provisions of Code (1957), Art. 66½, Sec. 234, and the case of *Shriner v. Mullhausen,* 210 Md. 104, McCann was the favored driver, entitled to the right of way. There was no testimony in the case to support the requested instruction to this effect. If the entering car has cleared the intersection and reached a point where it does not interfere with the favored driver's right of way through the intersection, the boulevard law ceases to be applicable. *Ness v. Males,* 201 Md. 235; *Shaneybrook v. Blizzard,* 209 Md. 304. Cf. *McDonald v. Wolfe,* 226 Md. 198. There was no showing that the Crum truck was near enough to the intersection at any pertinent time to interfere with McCann's progress past the Rose intersection.

McCann suggests the boulevard law (or its underlying basis) was also affronted when Crum backed from the shoulder into the southbound lane. The suggestion is without substance or merit. The case before us comes within the rationale of *Tates*

*v. Toney,* 231 Md. 9, and cases therein cited, and each of the drivers owed the other a duty to exercise ordinary care in the operation of his vehicle under the circumstances.

The instructions to the jury summarized the applicable provisions of the law as to the warning required and the need for reasonable safety when a standing vehicle is started (Code (1957), Art. 66½, Sec. 227), and told them that if they found a violation thereof was a proximate cause of the accident, they should find for McCann. The court further instructed the jury that the law requires a driver to travel at a safe speed, maintain a proper lookout and keep his vehicle under proper control and that if McCann failed in his duty in any or all of these respects and the failure was a proximate cause of the accident, it should find for Crum and Lambert. The charge contained a standard definition of negligence and contributory negligence and instructions as to the burdens of proof. We think it was entirely adequate under the testimony presented to the jury.

The cross-appeal of Crum and Lambert was abandoned at the argument and, therefore, calls for no discussion.

*Judgment affirmed, with costs.*