## SCHWARTZ ET AL. *v.* PRICE

[No. 66, September Term, 1957.]

(Two Appeals In One Record)

44

*Decided December 13, 1957.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND and PRESCOTT, JJ.

Ralph G. Hoffman and Robert J. Cooke, with whom was Amos I. Meyers on the brief, for appellants.

D. Eugene Walsh, with whom were Walsh & Fisher and Charles O. Fisher on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In these two appeals in one record in an automobile collision case, the driver of one automobile and his passenger sued for personal injuries and property damage, and personal injuries, respectively. The court refused the plaintiffs' prayers for directed verdicts and the jury found verdicts for the defendant, appellee. The appellants also filed motions for judgments n. o. v., which were refused. The appeals are from judgments for costs entered upon the jury's verdicts. No question is raised as to the propriety of directing verdicts for the plaintiffs on the issues of negligence and contributory negligence, if the proof required it. Cf. *Richardson v. Boato,* 207 Md. 301, 306, and *Shriner v. Mullhausen,* 210 Md. 104, 120.

The collision occurred at or about the intersection of Liberty Road in Carroll County, running east and west, and Dorsey Road which intersects Liberty Road at a right angle on the south side, but ends there. Liberty Road is the favored highway, and stop signs are erected facing Dorsey Road. The widths of the two highways were not shown, but apparently Dorsey Road flares out in both directions at the entrance. Dorsey Road is rather steeply upgrade at the point where it enters the favored highway. Liberty Road is slightly downgrade to the west. The sight distance to the east is about eleven hundred feet. The weather was clear and the roads dry. The accident happened about 11:30 A. M.

Mr. Schwartz testified that he was driving in a westerly direction on Liberty Road at about forty miles per hour in a fifty mile zone. He said Mr. Price did not stop at the intersection, but later admitted he did not see the other car until just before the impact. He said the Price car struck his car at about the left door when he was in the middle of the intersection or "almost past it". The damage to his car was

$196.49, and he sustained a back injury. The left door was pushed in so that it could not be opened after the collision. Mr. Cohen testified that Mr. Price "came off" the side road and hit the Schwartz car. He did not see the Price car before the impact because he was sitting on the right-hand side. The point of impact was "dead center", by the door where the driver sits. Mr. Price continued to drive on after the accident until they called to him to stop.

Mr. Price's testimony was that he drove north on Dorsey Road, intending to turn left on Liberty Road, and stopped. He could see to his right about four hundred feet, but did not see anything coming. He turned to his left "sort of cater-cornered" and "so I started off and I got straight up the road, I suppose maybe fifty feet, then I heard a horn blowing and I looked out the back and I saw this machine, seemed like it was coming right for me, so I was as close to the left as I could get, so I thought I would pull out of his way and let him go on and I pulled to my right * * *." The other car was ten or fifteen feet away when he first saw it. His testimony as to whether he was on the right or left side of Liberty Road at the time of the collision is hopelessly confused and self-contradictory. At one place he testified he was on the left side, at another place that he was on the right. There was no mark on his car, except on the right rear fender, and that may have been there before the accident. He admitted that the left door of the other car was "dented", "his door was bent up", and said he didn't "feel no jar or nothing". In cross-examination he testified he "wanted to try to get out of the way so I pulled sharp to the left". Later, he said he was "as close to the right as I could get", and then he "cut to the left". His final testimony was that when the accident happened he was "about the middle of the road, a little past the middle, I would say it was the left" of Liberty Road. The only other witness, Mr. Perry, came by after the accident and did not see it. At the time he passed, both cars were parked about seventy-five feet beyond the intersection, the Price car on the left and the Schwartz car on the right. This testimony is not helpful, as both parties admitted they pulled up the road and stopped to talk the matter over after the impact.

The appellee conceded that upon the plaintiffs' version of the accident the so-called boulevard rule would apply, and the favored driver would be entitled to a verdict. He contends, however, that on Price's version of what happened, a jury question was presented, citing *Ness v. Males,* 201 Md. 235, and *Shaneybrook v. Blizzard,* 209 Md. 304. We think these cases are distinguishable on the facts. In the *Ness* case, the visibility was only two hundred feet because of a hill and a curve. The testimony of the unfavored driver was that he made a left turn and was north of the intersection before the tractor-trailer came in sight. The other vehicle, coming from his left at a speed of from fifty to sixty miles per hour, "jack-knifed", and the end of the unloaded trailer struck his car when he was on the proper side of the road. His testimony was strongly supported by testimony as to debris found at the point of impact thirty-three feet from the north side of the intersection, and skidmarks one hundred seventy-one feet in length, which were "jumpy" and "hit the high places". We held that the testimony permitted the inference that this was a passing accident and not an intersectional one. In the *Shaneybrook* case the unfavored vehicle had likewise completed its turn, and debris marked the point of impact far beyond the intersection, and on the wrong side of the road so far as the favored vehicle was concerned. The sight distance was only two hundred feet, and the collision was head-on.

In the instant case the physical facts do not support the theory of a passing accident. The uncontradicted fact that the door or left side of the favored vehicle was pushed in or dented so that it could not be opened, can only be explained on the theory that that was the point of impact. Mr. Price's testimony does not account for this fact, which he admits. Moreover, his testimony that he first saw the other car ten or fifteen feet behind when he was "straight up" the road, perhaps fifty feet, is contradicted by his other testimony. Cf. *Todd v. Ferrell,* 212 Md. 574, 581. It may well be that he travelled fifty feet from where he stopped before entering Liberty Road, particularly if he was moving "cater-cornered", on the flare of the road. His final testimony that he had not

reached the center of Liberty Road, and pulled to his left, is not consistent with a passing accident, but plainly indicates that the real cause of the collision was his failure to yield the right of way. Cf. *Fowler v. DeFontes,* 211 Md. 568, 576. In *Olney v. Carmichael,* 202 Md. 226, 232, it was said, quoting from *Bond v. Forthuber,* 198 Md. 476, 483, that "Testimony at the trial which is later corrected by the witness cannot go to the jury as against the later correction." Whether Mr. Price was physically outside the extension of Dorsey Road into Liberty Road or not, at a time when the other vehicle was ten or fifteen feet away, and hence within the intersection, we think the cause of the collision was his failure to yield the right of way to a favored vehicle that he failed to observe.

So far as contributory negligence on the part of the plaintiffs is concerned, the driver of the favored vehicle is entitled to assume that an unfavored vehicle will yield the right of way, and the fact that he did not see it is not controlling. Cf. *State v. Marvil Package Co.,* 202 Md. 592, and *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174. As we have pointed out in a number of cases, a failure to see on the part of the favored driver can hardly establish a causal connection, when if he had seen the unfavored vehicle before it entered the intersection, he could have properly assumed that it would stop and yield the right of way as required by the boulevard law. *Rinehart v. Risling,* 180 Md. 668; *Shriner v. Mullhausen, supra.* What is true of the driver is also true of a passenger, whose duty of care for his own safety does not ordinarily include "rear seat" driving. Cf. *Brooks v. Sun Cab Co.,* 208 Md. 236, 243, and *Dashiell v. Moore,* 177 Md. 657, 672.

We think the court erred in refusing to grant the prayers for directed verdicts on the issues of negligence and contributory negligence, and accordingly the case will be remanded to decide the issues of damages.

> *Judgments reversed with costs and case remanded for further proceedings not inconsistent with this opinion.*