## CORNIAS *v.* PIPKIN

[No. 229, September Term, 1966.]

*Decided April 11, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Samuel D. Hill,* with whom were *George W. White, Jr.* and *Buckmaster, White, Mindel & Clarke* on the brief for appellant.

*W. Hamilton Whiteford* for appellee.

MARBURY, J., delivered the opinion of the Court.

James Cornias, appellant, brought a motor tort action against Zebbie Pipkin, appellee, for damages sustained when the automobile Pipkin was driving collided with the one operated by appellant. A jury found for the defendant, and appellant ap-

pealed from the judgment on the verdict because of the allegedly inconsistent application of the law by the trial judge in his instructions concerning the effect of a "Left Turn Lane" sign painted on the left of two northbound lanes of a dual road on which both parties were traveling when their automobiles collided.

The intersection in which the accident occurred is an extremely intricate one and reference to the attached plat, which was in evidence, is worth a thousand words. The parties were traveling north on The Alameda in Baltimore City. Both automobiles were stopped at a traffic light which controlled that portion of the intersection. Appellant was in the left lane of The Alameda intending to proceed north east in the left lane of Loch Raven Boulevard (Loch Raven), and appellee was in the right lane, intending to proceed north west on The Alameda. When the light turned green, both automobiles started forward; and because the paths they traveled crossed, there was a collision. A "Left Turn Lane" sign was painted on the left of the two northbound lanes of The Alameda, south of The Alameda's intersection with Loch Raven. A person in the left lane could not have made a sharp left turn because Upshire Road was one way east.

The cases of appellant and his minor son, who was injured in the accident while a passenger in his father's automobile, were tried together. The trial court denied appellant's motions for directed verdict at the close of all the evidence. The jury returned a verdict for appellant's son against appellee, but returned a verdict against appellant. There was no appeal from the judgment for the son. Those portions of the trial court's instructions which have been challenged are as follows:

342

DEFENDANT'S
EXHIBIT NO. 3
Original
size reduced
by 2/3rds

Note: Arrows indicating directions of travel inserted by writer
of this opinion for clarification.
C - Cornias
P - Pipkin

"In considering this issue, you may consider that this 'traffic control device' did not require all drivers in the left lane to turn into the Alameda. It was not marked 'Left Turn Lane *Only*'; so that this plaintiff had a right to continue up Loch Raven Boulevard from the left lane of the Alameda, as long as he, the plaintiff, Mr. Cornias, exercised ordinary care under the circumstances.

"You are further instructed that under the laws of the State of Maryland, a motor vehicle whose driver is intending to turn at an intersection, should remain as close as practicable to the right-hand curb or roadway upon his approach for the right turn, so that you are instructed that if you believe from the evidence in this case that there was a failure on the part of the plaintiff Cornias to observe this rule of the road and that such failure to observe was a proximate or contributing cause of the accident, then your verdict should be for the defendant Pipkin.

"You are further instructed that under the laws of the State of Maryland, a vehicle driving in a marked lane of a one-way street should not change lanes without the driver indicating his intention or making sure his way was clear, so that if you believe that the accident in this case was the result of the plaintiff Cornias not to observe and make sure that the lane was clear, and he changed lanes of traffic proceeding northerly on the Alameda, if you so find, then your verdict should be for the defendant Pipkin."

The court instructed the jury that it was permissible for a person in the left lane to go either up The Alameda or Loch Raven. Then the court instructed the jury that if it found that appellant violated the rule that a driver intending to make a right turn at an intersection had to remain as close as practicable to the right-hand curb, the jury had to find for the appellee if such violation was a proximate cause of the accident. If it was permissible for appellant to proceed up Loch Raven, the left lane of Loch Raven would certainly have been the rea-

sonable route. To have appellant cross over to the right lane of Loch Raven while in the left lane of the intersection would require a change of lanes in the middle of the intersection— an extremely dangerous maneuver considering the flow of traffic in the right lane of Loch Raven. These two instructions were inconsistent, erroneous on the applicable law, and prejudicial to the appellant.

The juncture of The Alameda and Loch Raven was within the definition of an intersection. An "intersection" is the area within which vehicles traveling upon different highways joining at any angle may come in conflict. Code (1957), Article 66½, Section 2 (20). At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection is required to approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. After entering the intersection, the left turn must be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered. Article 66½, Section 225 (e). A person intending to make a right turn at an intersection must make his approach and turn as close as practical to the right-hand curb or edge of the roadway. Article 66½, Section 225 (a).

The "Left Turn Lane" sign painted on the left lane of The Alameda altered the duties imposed by Section 225 (a) and (e). See Article 66½, Sections 2 (29), 191, and 225 (d). The sign makes it apparent that proceeding out The Alameda was to be regarded as turning left, while proceeding from the left lane of The Alameda to the left lane of Loch Raven was neither changing lanes nor turning right. A person in the left lane of The Alameda had the choice of alternate routes—turning left to proceed up The Alameda or continuing in the left lane up Loch Raven. Since proceeding up Loch Raven in the left lane from the left lane of The Alameda was to be considered a continuous route, appellant was not required to be in the right lane, nor was there a change of lanes.

Because the sign made continuing up The Alameda a left

turn, appellant had the right to assume that appellee would obey the sign which required him to be in the left turn lane in order to continue up The Alameda. Cf. *Eastern Contractors v. State*, 225 Md. 112, 169 A. 2d 430. However, appellant in making a choice as to which of the alternate routes he would take and in proceeding upon the chosen route had the duty of exercising reasonable care under the circumstances. Cf. *Balto. Transit Co. v. Sun Cab Co.*, 210 Md. 555, 124 A. 2d 567. Where the evidence is such that reasonable men may differ in their conclusions, the question whether the injuries which were allegedly sustained in the accident were proximately caused by appellant's failure to exercise reasonable care is one of fact for the trier of facts. *McCann v. Crum*, 231 Md. 65, 188 A. 2d 537; *Maggio v. State, Use of Houser*, 227 Md. 531, 177 A. 2d 837.

Appellee in failing to make the approach and turn in the left lane of The Alameda failed to obey the traffic control device—the sign painted on the left lane. Article 66½, Sections 2 (29), 192 (a). The violation of a statute does not constitute actionable negligence unless it was the direct and proximate cause of injury. *Fowler v. Smith*, 240 Md. 240, 213 A. 2d 549; *Alston v. Forsythe*, 226 Md. 121, 172 A. 2d 474. Whether appellee's violation of a statutory duty to obey a traffic control device was the proximate cause of appellant's alleged injuries was, in this case, a question for the jury.

*Judgment reversed and case remanded for a new trial. Costs to be divided equally.*