## JAMES WALTER PAUL ET UX. *v.* GEORGE PAUL LYONS

[No. 218, September Term, 1976.]

*Decided December 6, 1976.*

The cause was argued before POWERS, MASON and LISS, JJ.

*Barry H. Helfand,* with whom were *Paul T. Stein* and *Helfand & Stein, P.A.* on the brief, for appellants.

*Charles C. Bowie,* with whom were *Brault, Graham, Scott & Brault* on the brief, for appellee.

LISS, J., delivered the opinion of the Court. POWERS, J., dissents and filed a dissenting opinion at page 98 *infra.*

Judge Dudley Digges, speaking for the majority in *Hensel v. Beckward,* 273 Md. 426, 427, 330 A. 2d 196, 197 (1974), a case in which the application of the "boulevard rule" was sought to be avoided, said:

"Like the Rock of Gibraltar we remain firm and

will not allow the legislative mandates contained in this right-of-way statute to be judicially either bypassed or otherwise eroded through new waves of attack."

The sole question in this case is — Is this really a piece of the Rock?

The testimony produced at the trial before a jury consisted in pertinent part of the following facts: Appellants are husband and wife. On July 27, 1973, at about 6 p.m. on a clear and sunny day, appellant James Paul (Paul) was operating a VW Beetle at the intersection of Howard Chapel and Damascus Roads in Montgomery County. Traffic on Howard Chapel Road, along which Paul was proceeding, was controlled by a stop sign; Damascus Road is a through highway. Paul testified that he stopped at the stop sign and looking to his right, he could see for a distance of about 100-150 feet. No other vehicle was seen approaching from his right, so he proceeded to inch out and make a right hand turn into Damascus Road southbound. He was approximately 25 feet down Damascus Road when he first saw a Chevrolet Blazer (a multi-purpose type vehicle in the truck category) approaching on his side of the street to the left of the center line. The Blazer, later determined to be operated by George Lyons (Lyons), was passing another car at a point governed by a no passing zone. Paul pulled his vehicle over to the middle left within the solid yellow lines, with the left side of his vehicle at the edge of the yellow lines. Paul's vehicle was struck twice by the Lyons' vehicle and pushed back toward the intersection, some 4 to 6 seconds having elapsed from the time that Paul first saw the other vehicle until the moment of impact. Appellant testified that he did not move his vehicle to the left or right because there was a ditch on the right and cars approaching on the left. There was testimony concerning the injuries and damages sustained by Paul, but for the purpose of this appeal it need not be considered. At the close of appellants' case, appellee offered a motion for a directed verdict on the

issue of liability which the trial court granted; and in discharging the jury, the court said:

"The boulevard rule holds that a person who is the favored driver that is who is on the boulevard has for all intents and purposes an absolute right of way while he's on that road, and the person who leaves the stop sign and enters the boulevard insures the safety of any person who is on that boulevard that he will be able to enter the road or cross the road safely." [1]

Judgment was entered in favor of appellee as a result of the directed verdict, and it is from that judgment that this appeal was seasonably filed. We shall reverse for the reasons stated herein.

In determining whether the trial court was correct in granting the motion for a directed verdict, this Court must consider the evidence in a light most favorable to the appellants together with all reasonable and legitimate inferences which may be deduced therefrom. *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231 (1966); *Sun Cab v. Carter,* 14 Md. App. 395, 287 A. 2d 73 (1972).

The "boulevard rule" requires traffic on an unfavored highway to come to a full stop and yield the right-of-way at the entrance to a through highway. The rule, Maryland Code (1957, 1970 Repl. Vol.) Art. 66½ § 11-403 (b), is too well known to require its verbatim repetition in this opinion.

We are aware of the long line of cases ably summarized by Judge Digges in *Creaser v. Owens,* 267 Md. 238, 297 A. 2d 235 (1972), and the principles there enunciated, which have been followed by both the Court of Appeals in *Hensel v. Beckward, supra,* and this Court in *Johnson v. Dortch,* 27 Md. App. 605, 342 A. 2d 326 (1975). In *Hensel* at page 431, Judge Digges stated the rule as follows:

"This large group of previous cases makes clear that when the unfavored driver sues, the 'boulevard rule' barring his recovery applies to an acci-

---

1. We do not adopt this as a correct statement of the "boulevard rule."

dent which occurs between an unfavored driver and the favored motorist on the 'boulevard', either in the intersection or at a point, though technically outside the intersection, so close to it that the unfavored entering driver interferes with the favored driver's right-of-way into or through the intersection ... unless, under appropriate circumstances, the unfavored driver is rescued by the doctrine of last clear chance ...." [2] (citations omitted).

Appellants urge, however, that our Courts have recognized a refinement of this rule which more properly applies to the case at bar. This has been beautifully stated by Judge Oppenheimer in *Grue, et al. v. Collins*, 237 Md. 150, 157, 205 A. 2d 260, 263 (1964):

"However, once the entering car has cleared the intersection and reached a point where it does not interfere with the favored driver's right of way through the intersection, the boulevard law ceases to be applicable. *McCann v. Crum*, 231 Md. 65, 188 A. 2d 537 (1963) and cases therein cited. Rigorous as are the duties imposed upon the unfavored driver in entering the public highway for the protection of the public and for the smooth flow of traffic, he is not a perpetual pariah; if he has observed the mandates of the law in entering the intersection and has become a part of the flow of traffic on the favored highway, he has the same rights and is subject to the same duties as the other drivers on that highway."

Appellants contend that this rather than the "boulevard rule" is applicable to this case. In *Ness v. Males*, 201 Md. 235, 93 A. 2d 541 (1953), where the evidence showed that an unfavored driver after completing his turn into a favored highway had proceeded on his proper side of the highway at least 33 feet north of the intersection before colliding with a

---

2. Last clear chance is not an issue in this case.

southbound tractor trailer, an inference that the accident was a passing one, and not an intersectional one, was held to be permissible.

In *Kowalewski v. Carter*, 11 Md. App. 182, 273 A. 2d 212 (1971), a similar case in which the applicability of the "boulevard rule" was considered, Judge Orth,[3] speaking for this Court, said at 189:

> "The lower court submitted to the jury, and we think properly so, the issue whether the collision occurred while the Kowalewski car was entering Route 22 or whether at the time his car was struck by the Carter car he had yielded the right-of-way and become a part of the flow of traffic on the favored highway. The evidence was not conclusive that the accident did occur while entering. There was no evidence that the collision occurred within the confines of the intersection so the presumption that the unfavored driver was entering the favored highway at the time of the accident did not arise. Nor was the evidence conclusive that the unfavored car had successfully entered."

On the record before us, we believe that the issue of whether the collision occurred while appellant was entering the favored highway so as to interfere with the favored driver's right of passage through the intersection, or whether appellant's car had cleared the intersection, entered the flow of traffic, and reached a point where his vehicle did not interfere with the favored driver's right-of-way through the intersection should not have been withdrawn from the jury: the appellant flatly stated in his testimony that he had completed his turn into Damascus Road and had proceeded about 25 feet on Damascus Road before he noticed anything unusual. At that point he saw the Lyons' vehicle intruding onto his side of the road in violation of a no passing zone while attempting to pass another vehicle. The state trooper who investigated the accident was vague in his testimony as

---

**3.** Later, Chief Judge, Court of Special Appeals; presently Associate Judge, Court of Appeals.

to the point of impact, but at one time placed it at some 10 feet from the intersection. It was uncontradicted, however, that the vehicles collided twice during the course of the accident and that Paul's car was pushed back by the impact. The trooper obtained his information about the accident from both drivers, and his official report stated that Paul's vehicle had just *completed* a right hand turn when it was struck by Lyons' car which was attempting to pass a slower vehicle. Lyons, in answer to an interrogatory which was read into the record, stated that he was in the process of passing another vehicle when he saw appellant enter Damascus Road and "started to come straight at me."

When we give the appellant, as we are required to do, the reasonable and legitimate inferences which arise from the state of this record it is, at least, arguable that this accident was not governed by the "boulevard rule." It is clear, then, that the trial court erred in withdrawing the case from the jury.

We believe that our decision in this case does not disturb the pristine beauty of the Rock and that the "boulevard rule" remains the beacon which our superiors intended it to be.

> *Judgment reversed.*
> *Remanded for new trial.*
> *Costs to be paid by appellee.*

*Powers, J., dissenting:*

I cannot agree that the boulevard rule does not apply to the motor vehicle collision which gave rise to this case. I am satisfied that the evidence showed that the collision occurred because of Mr. Paul's entry upon the favored highway, and before he had shed his character as a newly entering driver.

The most favorable view that could be taken of the plaintiffs' evidence is that Mr. Paul, on Howard Chapel Road, stopped at the stop sign, and then entered the intersection, making a right turn onto Damascus Road. Mr. Paul testified that he had traveled 25 feet on Damascus Road when he saw the Lyons vehicle coming at him on his side of the road. He

estimated the time, presumably from then until the impact, as four to six seconds. He said that his car was driven back by the impact. He also said that when the cars came to rest they were within the intersection.

The investigating police officer, called as a witness by the plaintiffs, estimated that the point of impact was 10 feet from the intersection.

If the boulevard rule applied, Mr. Paul was negligent as a matter of law. That negligence precluded any recovery on his claim, and on the derivative claim by his wife, and the trial judge correctly directed a verdict for the defendant. I am not persuaded that *Ness v. Males*, 201 Md. 235, 93 A. 2d 541 (1953), or *Grue v. Collins*, 237 Md. 150, 205 A. 2d 260 (1964), support a different conclusion, especially in the light of the firm application of the rule in *Creaser v. Owens*, 267 Md. 238, 297 A. 2d 235 (1972); *Hensel v. Beckward*, 273 Md. 426, 330 A. 2d 196 (1974); and *Johnson v. Dortch*, 27 Md. App. 605, 342 A. 2d 326, *cert. den.*, 276 Md. 745 (1975).

I would affirm the judgment of the circuit court.