813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Catherine H. PRICE, Personal Representative of the Estate of
Robert W. Price and Catherine H. Price, Surviving Spouse of
Robert W. Price and Catherine H. Price, Mother and Next
Friend of Matthew L. Price, a minor child of Robert W.
Price, Appellants,
v.
GUARDIAN CONSTRUCTION COMPANY, INC., and Harry Kevin Alfree,
Appellees.
 No. 85-2017.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1986.
Decided Sept. 15, 1986.
 
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 Deborah E. Jennings (Cynthia J. Morris; Piper & Marbury on brief), for appellants.
 Read K. McCaffrey (George M. Church; Christopher S. Lambert; Whiteford, Taylor & Preston, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Catherine H. Price, plaintiff-appellant, brought this diversity of citizenship action as the surviving spouse of Robert Price and on behalf of her minor son under the Maryland wrongful death statute and as the personal representative of the estate of Robert Price. Plaintiff appeals from a judgment in favor of defendant-appellees Guardian Construction Company, Inc., ("Guardian") and Guardian employee Harry Kevin Alfree ("Alfree"). Seeking a new trial, plaintiff claims the district court erred in denying her directed verdict motion which she had based on an application of the Maryland boulevard rule. Plaintiff also contends that the district court committed reversible error by responding to questions of the jury without having consulted counsel. Rejecting plaintiff's arguments, we affirm the judgment of the district court.
 
 I.
 
 2
 This case arises from a fatal automobile accident on U.S. Route 13 in Salisbury, Maryland, November 28, 1983 at approximately 5:26 P.M. during misty, twilight conditions. Route 13 is a four-lane divided highway intersected by Naylor Mill Road, a two-lane county road. Route 13 has a fifty-five-mile-per-hour maximum speed limit, but has no minimum speed limit. Right turns from Naylor Mill Road onto Route 13 South are governed by a yield sign and a lengthy acceleration lane.
 
 
 3
 Defendant Alfree, while driving a thirty-foot flatbed truck owned by defendant Guardian, proceeded east on Naylor Mill Road and turned right onto the southbound acceleration lane of Route 13. As he rounded the curve onto the merge lane, Alfree observed Robert Price's car approaching from the north on Route 13 at least 300 feet from the intersection. Alfree drove only thirty feet in the acceleration lane before fully or partially entering the right lane of Route 13 at twenty-five miles per hour. Alfree had accelerated to thirty miles per hour and had driven more than 200 feet on the roadway when Robert Price's car crashed into the rear of the truck.
 
 
 4
 Defendants' evidence indicated that at the time of the collision, the truck was entirely within the right lane, having straightened out some time prior to the impact. Plaintiff's evidence, on the other hand, suggested that at the moment of impact, the truck was at an angle and thus had not fully completed the merge from the acceleration lane. Other evidence indicated that Robert Price had an elevated blood-alcohol level, but had been traveling at or below the fifty-five-mile-per-hour speed limit. At the close of the evidence, plaintiff asked the court to direct a verdict as to defendant Alfree's negligence by applying the Maryland boulevard rule. The district court denied the motion.
 
 
 5
 The district judge submitted to the jury a verdict form with interrogatories. The form provided, in part:
 
 ISSUES
 
 6
 1. Had the Guardian truck entered the flow of traffic on Route 13 when the accident occurred?
 
 
 7
 2. Did Guardian fail to equip the truck with necessary safety equipment such as lights and reflectors?
 
 
 8
 3. Was the absence of such safety equipment a proximate cause of the injuries sustained by Robert Price?
 
 
 9
 After five hours of deliberation, the jury sent a note to the district judge indicating, "There is a confusion between the 'Judge's instructions' and the Issues." The note set forth three questions:
 
 
 10
 Issue # 2--is a "rear underride guard" included with lights and reflectors on this question.
 
 
 11
 Issue # 3--must this absence be a cause of the accident also?
 
 
 12
 Since truck passed inspection for tags, can we assume that a "rear underride guard" was not required by law on this truck?
 
 
 13
 Without advising counsel of the contents of the note, the district judge answered the jury's first and third questions by writing on the note: "As a matter of law there is no evidence of any causal relationship between the absence of a rear underride guard and the happening of this accident. You should not consider the absence of this equipment in arriving at your verdict." Additionally, the district judge answered the jury's second question--concerning issue three--by writing "Yes."
 
 
 14
 Ten minutes later, the jury returned the verdict form in favor of the defendants by answering "Yes" to issues one and two and answering "No" to issue three, thereby indicating its findings that the Guardian truck had entered the flow of traffic on Route 13 when the accident occurred, that Guardian had failed to equip the truck with necessary safety equipment such as lights and reflectors, but that the absence of such safety equipment had not been a proximate cause of the accident and injuries sustained by Robert Price.
 
 II.
 
 15
 Plaintiff argues that the district court erred in failing to apply the Maryland boulevard rule to grant a directed verdict. The boulevard rule provides that
 
 
 16
 when a driver of a motor vehicle enters a through highway in violation of the boulevard law [which requires him to yield right-of-way][1] and as a result thereof his vehicle is involved in a collision with a vehicle traveling on the through highway, he is guilty of negligence as a matter of law.
 
 
 17
 Quinn Freight Lines, Inc. v. Woods, 266 Md. 381, 385, 292 A.2d 669, 672 (1972). Plaintiff contends that in Quinn, supra, the Maryland Court of Appeals departed from, and "reinterpreted," a long line of Maryland cases holding the boulevard rule inapplicable where a dispute exists as to whether the entering vehicle had failed to yield or had become part of the "flow of traffic." Further, claims plaintiff, there was "simply no dispute about the predicate facts which compel application of the boulevard rule and a finding of primary negligence as a matter of law." Plaintiff is mistaken.
 
 
 18
 The Quinn court cited Grue v. Collins, 237 Md. 150, 205 A.2d 260 (1964), and favorably reiterated the long-standing "flow of traffic" principle: "Once the entering vehicle has cleared the intersection and reached a point where it does not interfere with the favored vehicle's right-of-way through the intersection the boulevard rule ceases to be applicable." Quinn, 266 Md. at 387, 292 A.2d at 672-73. The court in Grue, moreover, had stated that with respect to the unfavored driver, "if he has observed the mandates of the law in entering the intersection and has become part of the flow of traffic on the favored highway, he has the same rights and is subject to the same duties as the other drivers on that highway." Grue, 237 Md. at 157, 205 A.2d at 264. Most significantly, the Grue court held that in light of "a dispute in the testimony as to what happened" just prior to the collision, 237 Md. at 154, 205 A.2d at 262, and "viewing the testimony in the light most favorable to [the unfavored driver], the trial court properly held that it was for the jury to determine whether or not [the unfavored driver] had cleared the intersection and reached a point where he did not interfere with [the favored driver's] right of way." Grue, 237 Md. at 158, 205 A.2d at 264.
 
 
 19
 Other Maryland appellate decisions similarly indicate that where there is a dispute of credible evidence as to whether the unfavored driver had failed to yield or had become part of the flow of traffic, the boulevard rule is inapplicable and the issue of the unfavored driver's negligence is properly resolved by the factfinder. See Kowalewski v. Carter, 11 Md.App. 182, 189-90, 273 A.2d 212, 215-16 (1971), Raines v. Boltes, 258 Md. 325, 327-28, 265 A.2d 741, 742-43 (1970); Paul v. Lyons, 34 Md.App. 93, 97, 366 A.2d 410, 413-14 (1970); Great Coastal Express, Inc. v. Schruefer, 34 Md.App. 706, 722, 369 A.2d 118, 127 (1977); Ness v. Males, 201 Md. 235, 239-41, 93 A.2d 541, 543-44 (1953). See also Schwartz v. Price, 215 Md. 43, 47-48, 136 A.2d 749, 751 (1957) (reversing the denial of a directed verdict where evidence was uncontroverted that the cause of the collision was the unfavored driver's failure to yield). Cf. Shaneybrook v. Blizzard, 209 Md. 304, 121 A.2d 218 (1956). Indeed, the Maryland Court of Special Appeals in Carter v. Correa, 28 Md.App. 397, 346 A.2d 481 (1975), favorably cited Quinn, supra, in noting:
 
 
 20
 In light of the evidence showing various versions of the accident, we believe that the jury could reasonably find that the boulevard rule was not applicable.... [T]he jury could conclude that Mrs. Owen had successfully cleared the intersection, entered her own lane, and reached a point where she did not interfere with the favored driver. Under these circumstances, the boulevard rule would cease to be applicable.
 
 
 21
 Carter, 28 Md.App. at 402-03, 346 A.2d at 485.
 
 
 22
 The district judge, moreover, recognized a similar factual dispute because when he informed counsel of the denial of plaintiff's motion for a judgment notwithstanding the verdict, he wrote:
 
 
 23
 The plaintiffs' motion is based on the theory that the boulevard rule applies in this case as a matter of law. However, testimony was presented that the defendants' vehicle had entered the flow of traffic on the boulevard. This version of the accident was supported by physical evidence presented during trial. Faced with the conflict of evidence, the issue is a matter for resolution by the jury.
 
 
 24
 We agree, and we conclude that under the Maryland authorities discussed above, the district court correctly denied plaintiff's motion for a directed verdict.
 
 III.
 
 25
 With regard to plaintiff's claim that the district court's response to the jury's inquiry warrants reversal, we observe that in United States v. Polowichak, 783 F.2d 410 413 (4th Cir.1986), we indicated that "[u]nquestionably, the district court should obtain the views of counsel before giving a supplementary instruction." We also recognized, however, that reversal is not required when "we see no prejudice" to the appellant from the district court's failure to consult counsel. Id. at 414. We do not condone the district judge's action, but where, as here, the judge's answers are responsive to the jury's inquiry and clearly state the law and the appellant fails to demonstrate prejudice, the error is harmless. Id.; United States v. Betancourt, 734 F.2d 750, 759 (11th Cir.1984), cert. denied, 105 S.Ct. 440, 574; United States v. Brooks, 786 F.2d 638, 643 (5th Cir.1986). See also Skill v. Martinez, 677 F.2d 368 (3d Cir.1982); United States v. Breedlove, 576 F.2d 57 (5th Cir.1978).
 
 
 26
 For all the aforementioned reasons, we affirm the judgment of the district court.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Md.Transp.Code Ann. Sec. 21-405 (1984) sets forth rules for the preferential right-of-way at intersections. Subsection (d) provides:
 Approaching intersection marked by yield sign.--If a yield sign facing the driver of a vehicle is placed on the approach to an intersection, the driver shall:
 (1) Approach the intersection with caution;
 (2) Yield the right-of-way to any other vehicle appoaching on the other highway; and
 (3) If necessary, stop in order to yield this right-of-way.
 Md.Transp.Code Ann. Sec. 21-405(d) (1984).